**Philip O'DEANE v. C & S WHOLESALE GROCERS, INC., and American Mutual Liability Insurance Company**

[584 A.2d 423]

No. 89-443

---

November 26, 1990. Following the appointment of the Massachusetts insurance commissioner as permanent receiver of defendant American Mutual, an insolvent Massachusetts insurance company, the company, pursuant to 8 V.S.A. § 3596, moved to dismiss the action brought against it by plaintiff. The court denied the motion.

Section 3596 states in relevant part: "[N]o action . . . against such insurer [in receivership in a reciprocal state], shall be . . . continued in the courts of this state . . . ." Under the circumstances of this case, the plain meaning of this statute does not give a Vermont court any discretion to deny a motion to dismiss when an insurer such as American Mutual is undergoing a proceeding for rehabilitation, reorganization or liquidation in a qualifying foreign jurisdiction.

Massachusetts is a "reciprocal state" insofar as relevant to this case if § 3596 is "in substance and effect . . . in force"

in Massachusetts. 8 V.S.A. § 3591. We hold that Massachusetts Insurers Liquidation Law, 175 M.G.L. §§ 180A–L, is sufficiently similar to Vermont's counterpart, 8 V.S.A. chapter 101, subchapter 8, in relevant respects to qualify Massachusetts as a "reciprocal state." Section 180F of the Massachusetts law provides for the appointment of an ancillary receiver in Vermont to process Vermont claims in similar fashion as 8 V.S.A. § 3592 makes provision for appointment of a referee to process Massachusetts claims in Massachusetts.

*Reversed.*